IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYMOND HENRY HALE,

        Petitioner,        3:11-cv-811-CL

        v.        REPORT AND RECOMMENDATION

STEVE FRANKE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is an inmate in the custody of the Oregon Department of Corrections pursuant to a judgment from the Wasco County Circuit Court after a conviction for Assault in the Second Degree. Following a jury trial, petitioner was sentenced to 70 months of imprisonment. Exhibit 101.

    Petitioner directly appealed his conviction, but the Oregon Court of Appeals affirmed without opinion and the

1 - REPORT AND RECOMMENDATION

Oregon Supreme Court denied review. Exhibits 105 - 109.

Petitioner did not seek post-conviction relief.

Petitioner filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254, alleging a single claim as follows:

> Ground One: That my statutory and constitutional speedy trial rights were violated.
>
> Supporting Facts: I was arrested and placed in Wasco County Jail on March 24th 2007 and didn't go to trial until January 9, 2008.

Petition (#3) p. 8.

Respondent contends "[t]his ground was denied in state court decisions entitled to deference under 28 U.S.C. § 2254(d) and (e)(1). Accordingly, this court should deny petitioner's request for relief." Response (#14) p. 1.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing

2 - REPORT AND RECOMMENDATION

delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. §

3 - REPORT AND RECOMMENDATION

2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-el v. Cockrell, 537 U.S. 322, 340 (2003).

4 - REPORT AND RECOMMENDATION

The relevant facts are as follows:

Petitioner was indicted in Wasco County Circuit Court on March 15, 2007, and his case was consolidated with his co-defendant, Victor Snell. Petitioner pled not guilty and a trial date was set for May 18, 2007. On May 7, petitioner's counsel reported that he had just received critical discovery which required expert evaluation. Petitioner's counsel sought and received a continuance to July 24, 2007. Prior to that trial date, petitioner filed a bar complaint against his attorney resulting in his attorney's withdrawal from the case. A second attorney was immediately appointed. Because petitioner's second attorney needed additional time to prepare for trial, the court granted the defense a continuance and scheduled trial for October 9, 2007. On October 2, 2007, the attorney for petitioner's co-defendant moved to withdraw because Snell had filed a bar complaint against him. Because Snell was then unprepared to go to trial, the District Attorney requested "the shortest possible set-over." Exhibit 104, p. 6. Petitioner opposed the set-over and requested to be tried separately. However, the court granted the continuance and set a trial date for December 1, 2007.

Prior to the December trial date, petitioner filed a motion to dismiss for lack of speedy trial. A hearing on that motion was held on November 2, 2007. A that hearing, petitioner's counsel acknowledged that because it had been petitioner that had requested

5 - REPORT AND RECOMMENDATION

the continuance up until October 8, 2007, that "the October 8th date is where the jeopardy attaches to my client for not having a speedy trial." Exhibit 103, p. 17. The court denied petitioner's motion concluding as follows: "I am going to have to attribute anything between now and December 11 to the state, but I don't think it's unreasonable. Mr. Hale is in jail. I'm sure he is suffering because of that. But I don't see any other form of prejudice to him, and I just don't find that his speedy trial rights have been denied. Id., p. 31.

On December 10, 2007, at a status check the day before trial, the District Attorney reported to the court that he would not be prepared to go to trial the next day because two key witnesses - the victim of the assault and an eyewitness to the assault - could not be located. The District Attorney explained that he had been advised that the witnesses were making themselves "unavailable" because of threats of harm. The parties agreed that the trial would not go forward the next day and instead the court would consider the state's motion to continue the trial and petitioner's motion to dismiss.

After a hearing the next day, the court denied petitioner's motion to dismiss and allowed the states request for a continuance until January 8, 2008. The court did not find that petitioner had made the threats, but noted, "I am finding that Mr. Woods [the victim] has been threatened." Exhibit 103, p. 110. In discussing

6 - REPORT AND RECOMMENDATION

the various delays, the court found that the first two set-overs (which accounted for the first seven months of delay) were requested by petitioner. The court found that the following two set-overs (which accounted for the next three months of delay) were requested by the state. Exhibit 103, p. 111-103. The court noted:

> 10 months' delay in bringing a person to trial, even for a Measure 11 offense of the nature charged against (petitioner), Assault in the Second Degree, is unusual. There is no record on that. But that's my experience in this jurisdiction.

Exhibit 103, p. 112. In determining that dismissal was not warranted, however, the court concluded as follows:

> The reasons for the delay are innocuous. That is, they are not delays sought by the State to gain some advantage over [petitioner], or to increase his suffering, which I don't doubt is real, being incarcerated in jail.
>
> But first, because the cases - by that I mean the [petitioner] and Snell['s] cases - really should be tried together, the State moved for the setover of the October trial date. Because the State could not find Mr. Wood, it moved for the setover of today's trial date. The State still doesn't have Ms. Gonzales.
>
> Once again, without saying that [petitioner] is the source of the threats to Mr. Wood, I don't have any question that Mr. Wood was threatened, based on what he said. And therefore, when I try to balance out these factors, the length of the delay, the length of the delay attributable to the defense, the reasons for the delay, and the prejudice to the defendant, I don't feel dismissal is appropriate.

Exhibit 103, p. 112-113.

The case proceeded to trial on January 9, 2008 and petitioner was convicted of Assault in the Second Degree.

7 - REPORT AND RECOMMENDATION

The Supreme Court has established a four-factor balancing test for evaluating whether a criminal defendant's Sixth Amendment right to a speedy trial has been violated: the "length of the delay, reason for delay, the defendant's assertion of his rights, and the prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972).

In this case, the state court's rejection of petitioner's speedy trial claim was not an unreasonable application of the *Barker* test and therefore entitled to deference by this court.

The trial court recognized that the length of the delay was "unusual" in Wasco County. However, the court further found that continuances filed by petitioner accounted for approximately the first seven months of delay, with petitioner first asserting his speedy trial right only after his first two requests for continuances. In Vermont v. Brillion, 129 S.Ct. 1283, 1287 (2009) the Supreme Court recognized that "delays sought by counsel are ordinarily attributable to the defendants they represent."

Moreover, the court reasonably found that the delay attributable to the state was justified by legitimate reasons - including the fact that witnesses absented themselves due to threats. "Valid reasons," such as a missing witness, is sufficient to justify appropriate delay. Barker, *supra* at 531.

Finally, during the delay, although petitioner suffered "prejudice" in that he was incarcerated, petitioner has not

8 - REPORT AND RECOMMENDATION

identified any prejudice to his defense other that his trial counsel's speculative concern that some witnesses might become unavailable. That is not the type of prejudice that justifies dismissal of the charges. *See*, United States v. Loud Hawk, 474 U.S. 302, 315 (1986).

Based on all of the foregoing, I find that the trial judge properly applied the balancing test set forth in *Barker* and reasonably determined that the reasons for the delay were "innocuous." The fact that this or some other court might have reached a different conclusion regarding petitioner's speedy trial claim is irrelevant. The trial court's analysis was clearly not an unreasonable application of the test and is entitled to deference by this court. 28 U.S.C. § 2254 § 2254(d)(2); *see also*, Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir.. 2004) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable").

Petitioner also argues that his conviction is "invalid because he was tried beyond the time allowed by ORS 135.747." Brief in Support (#30) p. 16.

Under 28 U.S.C. § 2254(a), federal courts may entertain applications for writs of habeas corpus by state prisoners "only on the ground that he is in custody in violation of the Constitution or laws of the United States." In Estelle v. McGuire, 502 U.S. 62,

9 - REPORT AND RECOMMENDATION

67 (1991), the Court specifically stated that "federal habeas corpus relief does not lie for errors of state law." (*quoting*, Lewis v. Jeffers, 497 U.S. 764, 780 (1984)); *see also*, Mendez v. Small, 298 F.3d 1158 (9th Cir. 2002) (state courts have "the last word on the interpretation of state law.")

Petitioner's argues that this court should consider his state law claim because "the state court's denial of his motion to dismiss was untenable," Brief in Support #30) p. 16, is not persuasive.

The limited exception to the general rule that state courts have the "last word" on interpretation of state law recognized in Knapp v. Cardwell, 667 F.2d 1253, 1260 (9th Cir. 1982) has no application to this case because petitioner has failed to establish any evidence *of* a "subterfuge to avoid federal review of a deprivation by the state of rights guaranteed by the Constitution." Knapp v. Cardwell, 667 F.2d 1253, 1260 (9th Cir. 1982).

Plaintiff's state law claim is not cognizable in this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation

10 - REPORT AND RECOMMENDATION

within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 23 day of May 2012.

Mark D. Clarke
United States Magistrate Judge

11 - REPORT AND RECOMMENDATION